IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OMAR ALVAREZ, )<br>)<br>   Plaintiff, )<br>v. )<br>)<br>M&DK CONSTRUCTION, INC., )<br>)<br>   Defendant. )<br>)<br>_____ ) | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Omar Alvarez ("Plaintiff"), and files this Complaint against Defendant M&DK Construction, Inc. ("Defendant"), and shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant conducts business in Georgia and in this judicial district. Defendant is subject to specific jurisdiction with respect to the claims asserted herein. A substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. §1367.

## III.   Parties and Facts

5.

Plaintiff was employed by Defendant a painter for Defendant's commercial construction business from March 2010 to November 2019.

6.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA.

7.

Throughout Plaintiff's employment with Defendant, including between December 2016 to the end of his employment in November 2019 (the relevant statutory period for Plaintiff's FLSA overtime claim), Plaintiff was paid on an hourly basis.

8.

Throughout the statutory period, Defendant failed to pay Plaintiff overtime compensation, calculated at one and one half times his regular rate, for the hours he worked in excess of 40 in work weeks. Rather than pay Plaintiff properly calculated overtime compensation, Defendant only paid Plaintiff his regular hourly rate for hours worked in excess of 40 in workweeks.

9.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

10.

While employed by Defendant, Plaintiff regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours he worked over 40 in workweeks.

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Defendant knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

13.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

14.

Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

## Count I

## Violations of the Fair Labor Standards Act.

15.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

16.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

17.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

18.

Defendant's violations of the FLSA were willful, thus entitling Plaintiff to a three-year statute of limitations for his claim.

19.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

20.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep and preserve records with respect to its employees, including Plaintiff sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

### IV.   Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated, and that Defendant's violations of the FLSA were willful; and

(D) Permit Plaintiff to amend his Complaint to add state law claims if necessary;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 11th day of December, 2019.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com