## SETTLEMENT AGREEMENT AND FLSA RELEASE

This Settlement Agreement and General Release (the "Agreement"), is entered into effective as of the 29th day of May, 2020, by and between **OMAR ALVAREZ** ("Alvarez") and **MDK CONSTRUCTION, INC.** ("Defendant MDK") and **EDWIN SANTOS** (collectively with Defendant MDK the "Defendants"). Each of Alvarez and Defendants is referred to herein individually as a "Party," and collectively, as the "Parties." As used herein, the phrases "this Agreement," "hereto," "hereunder," and phrases of like import shall mean this "Settlement Agreement and General Release." All capitalized terms shall have the meanings ascribed to them in the Agreement.

### RECITALS

**WHEREAS**, Alvarez performed services for Defendant MDK from on or about March 2010 to November 4, 2019.

**WHEREAS**, on December 11, 2019, Alvarez filed suit against Defendant MDK in the United States District Court for the Northern District of Georgia, Civil Action No. 1:19-cv-5583 (the "Civil Action") alleging Defendant MDK failed to properly compensate Alvarez for all hours in excess of forty (40) hours in a work week, in violation of the Fair Labor Standards Act of 1938;

**WHEREAS**, Defendant MDK denied that Alvarez is entitled to overtime, denies any liability to Alvarez whatsoever; and contends that Alvarez was properly compensated for all time worked and reported;

**WHEREAS**, Alvarez filed an Amended Complaint, adding Edwin Santos as a named Defendant in the Civil Action.

**WHEREAS**, Defendant Santos denied that Alvarez is entitled to overtime, denies any liability to Alvarez whatsoever; and contends that Alvarez was properly compensated for all time worked and reported

**WHEREAS**, after engaging in a review of this matter, the Parties agree that a bona fide dispute exists between the Parties on all claims;

**WHEREAS**, Defendants and Alvarez are desirous of resolving and terminating all FLSA overtime disputes and claims between them existing as of the date of this Agreement.

**WHEREAS**, the Parties have entered into this Agreement to bring about such resolution.

**NOW, THEREFORE,** the Parties, with the intent of totally ending and forever foreclosing all matters or potential matters in dispute between the Parties up to the time of this Agreement, thereby assuring peace between the Parties based on such matters, in return for the mutual promises and consideration contained herein, the sufficiency of which is expressly acknowledged, agree as follows:

1. **Payment**. In consideration for this Agreement, Defendants hereby agrees to pay the sum of TWENTY TWO THOUSAND FIVE HUNDRED and NO/100 ($22,500.00) to Alvarez and Barrett and Farahany, LLP as counsel for Alvarez (the "Settlement Amount") within (5) business days of Court approval of this settlement as follows:

   (a)  A check payable to Alvarez in the amount of Six Thousand Forty-Five and 10/100 ($6,245.10), reportable as 1099 income.

1


OA

(b) A check payable to Alvarez in the amount of Six Thousand Forty-Five and 10/100 ($6,245.11), less applicable state and federal wage withholdings, for which a Form W-2 shall be issued; and

(c) A check made payable to Barrett & Farahany, LLP in the amount of Ten Thousand Nine and 79/100 Dollars ($10,009.79), for attorney's fees and costs for which a separate IRS Form 1099 shall be issued to Barrett & Farahany, LLP.

The Parties agree that the Settlement Amount shall constitute full, final, and complete settlement of any monies, liabilities, or other obligations claimed to be owed to Alvarez by Defendants for FLSA overtime claims, including, but not limited to, any attorney's fees and costs incurred in the Civil Action. The Parties agree that this Agreement, and performance contemplated herein, is expressly contingent upon the Civil Action Court's approval.

2. **Taxes.** Alvarez understands that Defendants are not making any representations, warranties, or guarantees regarding federal and/or state tax liability for the payments set forth above with the exception of withholding detailed section 1. Defendants are not responsible for paying any taxes due on the amounts paid pursuant to this Agreement. If it is subsequently determined that Alvarez should have paid taxes on any amount paid pursuant to this Agreement on which he did not pay taxes, the interest and penalties are Alvarez' responsibility alone. Moreover, it is further expressly agreed that this is a final settlement agreement and that in the event the IRS, or any other government entity, determines that Alvarez owes taxes, Alvarez has no right to seek additional sums from Defendants, even though his actual amount of settlement proceeds will decrease by the amounts owed to the government. Alvarez further agrees to indemnify and hold Defendants harmless for and from any and all taxes, withholding obligations, penalties, fines, and interest that might be asserted against Defendants or any of the Released Parties by virtue of the payments under Section 1.

3. **Release by Alvarez.** Alvarez hereby voluntarily and unconditionally releases and forever discharges, both jointly and severally, Defendants, Defendants' current and former officers, directors, employees, shareholders, members, attorneys, servants, and agents, together with their predecessors, successors and assigns (hereinafter collectively referred to as "Released Parties"), from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims and demands whatsoever under the FLSA for unpaid wages, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses, as alleged in the Civil Action (hereinafter collectively referred to as "Claims").

**Release of Claims under the Age Discrimination in Employment Act ("ADEA") and Older Workers Benefit Protection Act ("OWBPA"). ALVAREZ UNDERSTANDS THAT ALVAREZ MAY TAKE UP TO FORTY-FIVE (45) DAYS TO CONSIDER WHETHER OR NOT EMPLOYEE DESIRES TO ENTER INTO THIS AGREEMENT. Alvarez understands that the consideration Alvarez receives for this Agreement is in addition to that to which Employee was already entitled. Alvarez represents and warrants that he was not coerced, threatened or otherwise forced to sign this Agreement, and that Alvarez's signature appearing hereinafter is genuine. Alvarez further represents and acknowledges that, in executing this Agreement, Alvarez does not rely and has not relied upon any representation or statement made by any of the Defendants' agents, representatives, or attorneys with**

regard to the subject matter, basis, or effect of this Agreement, other than the written representations contained herein. Alvarez is advised to seek and has sought his own counsel regarding executing this Agreement. Alvarez understands that he may revoke this Agreement by notifying Alex B. Kaufman, Esq. at Fox Rothschild LLP, 999 Peachtree St. NE, Suite 1500, Atlanta, GA 30309, in writing of such revocation within seven (7) days of Employee's execution and delivery of this Agreement to the Defendants by delivery to Alex B. Kaufman, Esq. and that this Agreement is not enforceable until the expiration of such seven (7) day period. Alvarez understands that upon the expiration of such seven (7) day period, this Agreement will be binding upon him and his heirs, administrators, representatives, executors, successors and assigns and will be irrevocable. Employee understands that by signing this Agreement, Employee is giving up rights that Employee may have under the ADEA and the OWBPA as of the Effective Date.

4. **Stipulation of Dismissal with Prejudice**. The Parties agree that promptly after the execution of this Agreement, Plaintiff's counsel will prepare and file upon Defendants' counsel's approval, a Joint Petition for Review and Approval of Settlement and Order of Dismissal with Prejudice in the form and content attached hereto as Attachment "A". In the event the Court refuses to approve the terms of this Agreement, this Agreement shall immediately be terminated; this Agreement shall have no further force or effect; and the Parties shall be restored to the positions they occupied immediately prior to the execution of this Agreement.

5. **Non-Admission**. It is understood and agreed that the payment and benefits conferred herein are not to be construed as an admission of liability on the part of any Party or the persons, corporations and entities hereby released, by whom liability is expressly denied. This Agreement is entered into solely in order to compromise and settle disputed claims, without any acquiescence, acknowledgement, or agreement by any Party as to the merit of any actions, causes of action, suits, debts, dues, sums of money, accounts, damages, expenses, attorney's fees, costs, punitive damages, penalties, judgments, claims or demands released herein. Neither this Agreement nor any part thereof shall be, or be used as, evidence or an admission of liability by anyone, at any time, for any purpose.

6. **Basis for Settlement**. Each Party acknowledges and agrees that the terms of this Agreement are, and have been agreed to, for their mutual convenience, in part to avoid the expense, distraction, risk and uncertainty of further litigation, and after considering the risks of litigation and the circumstances of their respective businesses. Each Party also acknowledges and agrees that it has relied entirely on its own judgment, belief and knowledge (including its judgment, belief and knowledge with respect to the foregoing, the extent and duration of the claimed damages in the Civil Action, and the value of settling the Civil Action at this time) and the advice and recommendations of its own independently selected counsel, and, accordingly, neither it nor anyone acting on its behalf shall (or shall have the right to) deny or challenge the validity of this Agreement or any of the obligations of the Parties hereunder.

7. **Successors and Assigns**. This Agreement shall be binding upon and inure to the benefit of the Parties and their heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and all other persons or entities asserting claims by, on behalf of, or through them based or founded upon any of the claims released herein. This Agreement may not be assigned by a Party without the prior written consent of the other Parties, which consent shall not be unreasonably withheld or delayed. Notwithstanding the foregoing, a Party has the right to assign this Agreement, without the other Party's

3



OA

consent, to a person or entity that succeeds to all or substantially all of a Party's business or assets relating to this Agreement, whether by sale, merger, operation of law or otherwise, provided that such assignee or transferee agrees in writing to be bound by the terms and conditions of this Agreement, and provided further that no such assignment shall limit the effectiveness of the releases set forth in this Agreement or excuse any obligations of the assigning Party under this Agreement.

8. **Severability.** The Parties agree that, in the event that any provision of this Agreement shall be determined by any court of competent jurisdiction to be illegal, unreasonable or unenforceable, such provision shall be deemed to be modified to permit its enforcement to the maximum extent permitted by law. The invalidity of any part of this Agreement shall not render invalid the remainder of this Agreement.

9. **Acknowledgment of Receipt of Agreement.** Alvarez hereby acknowledges receipt of a copy of this Agreement before executing same. Alvarez represents and acknowledges that the provisions of this Agreement are contractual, and are not merely recitals, and that he has read the foregoing Agreement, understands it fully, has had the benefit of competent independent legal counsel, and executes the same as his voluntary act and deed.

10. **Construction.** This Agreement has been negotiated by the Parties and shall be interpreted fairly in accordance with its terms and without any construction in favor of or against any of the Parties. The interpretation and construction of this Agreement shall be subject to the following provisions:

(a) Words importing the singular meaning include where the context so admits the plural meaning and vice versa;

(b) The terms "and" and "or" as used herein shall mean both the conjunctive and the disjunctive, so that one word or the other may be taken accordingly as the one or the other (i.e., "and/or");

(c) The word "any" shall mean "all" or "one out of several";

(d) References to any person shall include natural persons and partnerships, firms and other incorporated bodies and all other legal persons of whatever kind and however constituted;

(e) The words "include", "includes" and "including" are to be construed as if they were immediately followed by the words "without limitation"; and

(f) Captions and headings used herein are inserted for convenience only and are in no way intended to describe, interpret, define or limit the scope, extent or intent of this Agreement.

11. **Waiver.** Failure by any Party to insist upon strict performance of any provision herein by any other Party shall not be deemed a waiver by such Party of its rights or remedies or a waiver by it of any subsequent default by such other Party, and no waiver shall be effective unless it is in writing and duly executed by the Party entitled to enforce the provision being waived.

12. **Choice of Law and Forum Selection.** This Agreement will be interpreted under and is governed by the laws of the State of Georgia. Each party hereby irrevocably submits itself to and consents to the exclusive jurisdiction of the federal and state courts with jurisdiction over Fulton County, Georgia, for the purposes of any claim arising from or relating to this Agreement, and hereby waives, and agrees not to assert, by way of motion, as a defense, or otherwise, in any such claim, any argument that he or it is not personally subject to the jurisdiction of such court(s), that the claim is brought in an inconvenient forum, or that the venue of the claim is improper.



OA

110709295.v1
110898926.v1

13. **Entire Agreement.** This Agreement constitutes the entire agreement by and among the Parties regarding the subject matter contained herein and supersedes all prior and contemporaneous undertakings and agreements by and among the Parties, whether written or oral, with respect to such subject matter. This Agreement may not be amended except by a writing executed by all Parties.

14. **Counterparts.** This Agreement may be executed simultaneously in one or more counterparts, any of which shall be deemed an original, and all of which together shall constitute one and the same instrument, notwithstanding that all Parties are not a signatory to the original or the same counterpart. Facsimile signatures shall be treated as originals.

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement on the date last written below.

**OMAR ALVAREZ** *[Electronically Signed 2020-05-29 17:24:39 UTC - 107.77.234.93]*
*AssureSign® b4d449eb-9772-41a5-9d80-abca0103d1c5*

Date: 5/29/20

**MDK CONSTRUCTION, INC.**

By: _[signature]_
Its: COO
Date: 5/29/20

**EDWIN SANTOS**

By: _[signature]_
Date: 5/29/20

*[Electronically Signed 2020-05-29 17:24:39 UTC - 107.77.234.93]*
*AssureSign® 73637aca-8b16-41ae-97d-abca0103d1c6*
OA

110709295.v1
110898926.v1